IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re INACOM CORP., *et al.*,[1] | Bankruptcy Case No. 00-2426 PJW |
| INACOM CORP., on behalf of all affiliated Debtors<br><br>              Plaintiff,<br>v.<br><br>RESILIEN INC. f/k/a Logicare,<br><br>              Defendant. | Civil Action No. 04-584 GMS<br><br>[Adversary Case No. 02-03501 PJW] |

## AGENDA FOR SCHEDULING CONFERENCE

**Toll Free Dial In Number: (888) 422-7128     Participant Code: 477571**

Pursuant to the Court's Notice dated February 7, 2006, the Plan Administrator for the above-captioned former debtors and debtors in possession (collectively, the "Debtors") and Defendant Resilien f/k/a Logicare submit the following Agenda:

    1.    **Jurisdiction and Service:** This is an action for avoidance and recovery of alleged preferential transfers under 11 U.S.C. §§ 547 and 550, and the Court has jurisdiction over the parties and claims set forth in this matter pursuant to 28 U.S.C. § 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409. This action is a core proceeding pursuant to 28 U.S.C. §

---

[1] The Debtors are the following entities: InaCom Corp.; InaCom Latin America; InaCom Solutions, Inc.; InaCom Communications, Inc.; InaComp Financial Services, Inc.; Perigee Communications, Inc.; Networks, Inc.; Gorham Clark, Inc.; InaCom International, Inc.; InaCom Tennessee, Inc.; InaCom Professional Services, Inc.; Kure Associates, Inc.; Office Products of Minnesota, Inc.; Boston Computer Exchange Corporation; PC Technical Services, Inc.; Vanstar Corporation; Computerland International Development, Inc.; Computerport World Trade, Inc.; Vanstar International Corporation; VST West, Inc.; VST Illinois, Inc.; VSTNC, Inc.; Cland Tex, Inc.; InaCom Government Systems, Inc.; Contract Data, Inc.; Computer Professionals, Inc.; Vanstar Professional Technical Resources, Inc.

42125-003\DOCS_DE:115130.1

157(b)(2). Jurisdiction and venue are not disputed. The matter was withdrawn to this Court from the United States Bankruptcy Court for the District of Delaware in September 2004.

2.  **Substance of the Action.** Plaintiff filed a Complaint for Avoidance and Recovery of Preferential Transfers (the "Complaint") on May 20, 2002 against Defendant. Defendant filed its Answer on July 5, 2002. No counter-claims have been asserted.

Within the 90 days prior to the Petition Date (March 17-June 16, 2000), the Debtors made payments to Resilien in the amount of $981,765.00. Plaintiff alleges that the payments were made on account of antecedent debts incurred by the Debtor in its financial affairs with the Defendant.

3.  **Identification of Issues:** 11 U.S.C. § 547(b) sets forth the enumerated *prima facie* elements of a preferential transfer. Of the five enumerated elements of Plaintiff's prima facie case, Defendant will dispute one issue, antecedent debt. Defendant disputes that the funds they received from the Debtor were "for or on account of an antecedent debt owed by the Debtor before such transfer was made." 11 U.S.C. § 547(b)(2)

Defendant will also assert that the payments do not constitute "transfer[s] of an interest of the debtor in property" as required under 11 U.S.C. § 547(b) because the funds used to make the payments were funds of another earmarked for the Defendant.

As an affirmative defense, Defendant will assert that the payments it received are protected against avoidance because they constitute transactions made "in the ordinary course of business" for purposes of 11 U.S.C. § 547(c)(2).

4.  **Narrowing of Issues**: See paragraph 12.

5.  **Relief:** Plaintiff seeks the avoidance and recovery of the payments listed on Exhibit A to the Complaint, which transfers total $981,765.00.

6.  **Amendment of Pleadings**: Completed.

7.  **Joinder of Parties**: Completed.

8.  **Discovery:** Prior to settlement, Plaintiff conducted the deposition of Resilien's Chief Financial Officer and Resilien participated in certain of the joint discovery of Plaintiff conducted by a joint group of defendants in preference avoidance and recovery actions commenced by Plaintiff (see item #12 below). Defendant identified William Mirable, former sales representative at Resilien with respect to Inacom sales, as a person with knowledge of facts at issue in this action. Plaintiff served a notice of its intent to depose Mr. Mirable and Defendant indicated that it would seek to represent him at his deposition. Plaintiff requests that Mr. Mirable be produced at the prior deposition location, the Law Offices of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C. in New York City. Defendant asserts that Mr. Mirable is not a resident of New York and that Defendant did not agree to produce Mr. Mirable in New York City.

Defendant has not designated experts. If Defendant desires to designate an expert, they should be ordered to do so immediately and make that person available for deposition.

9.  **Estimated trial length**: One to two days.

10. **Jury Trial:** None requested.

11. **Settlement:** This matter was previously settled in February of 2005. Defendant did not make the settlement payment and did not execute the settlement agreement.

Counsel for Defendant has informed Plaintiff that the Defendant has closed its facilities, no longer has employees and is winding down its affairs.

12. **Other matters conducive to the Just Speedy and Inexpensive Determination of this Action:** Prior to reaching the settlement with Inacom in early 2005, Resilien was part of the joint defense group of defendants whose actions were consolidated for discovery and trial before this Court on or about October 15, 2005. To the extent issues are raised that the Court received evidence on at the prior trial, it may expedite and lessen the costs to allow the trial transcript to be utilized in lieu of making the witness travel back to Delaware and occupy court room time. Utilization of deposition transcripts in lieu of live testimony may also alleviate the costs and time needed for trial.

Counsel for Defendant is aware that Resilien is out of business with no employees. Under these circumstances, Resilien may not defend the case at trial but does not want to stipulate to a judgment. The Court may consider alternatives such as setting a fixed hearing date for a summary judgment motion by Plaintiff. Assuming the motion is not opposed, or even if it was opposed, the matter may be concluded on the merits in the immediate future without further court intervention.

13. **Meet and Confer:** Counsel for Plaintiff, Jeffrey Nolan, and counsel for Defendant, Patrick Collins, have met and conferred concerning the substance of this case as well as the preparation of the Agenda.

February 10, 2006

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

_____
Laura Davis Jones (Bar No. 2436)
Sandra G. M. Selzer (Bar No. 4283)
Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Counsel for the Plan Administrator for the above-captioned former debtors

February 10, 2006

FARRELL FRITZ, P.C.

_____/s/ Patrick Collins_____
Patrick Collins
1320 Reckson Plaza
Uniondale, New York 11556-0120
Telephone: (516) 227-0700
Facsimile: (516) 227-0777
pcollins@farrellfritz.com

Counsel for Resilien f/k/a Logicare